# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. LEE,

        Petitioner,    :    Case No. 3:15-cv-244

- vs -

    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
 Madison Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Michael A. Lee to obtain relief from his conviction in the Montgomery County Common Pleas Court for possession of heroin, possession of cocaine, and having weapons while under a disability (Petition, Doc. No. 2). The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Lee pleads two grounds for relief:

> **Ground One:** Petitioner was denied due process and equal protection of the law, when the trial court allowed Defendant's Extra-judicial statement to be allowed without the prosecutor establishing both prongs of the Corpus Delicti rule, in violation of the Fourteenth Amendment of the United States Constitution.
>
> **Supporting Facts:** The Petitioner, Michael A. Lee, appeared in the trial court for a jury trial and a bench trail [sic] on January 7,

1

>2013. The State violated Mr. Lee's due process to the Corpus delicti by admitting the Defendant Extra-judicial statement before establishing the Corpus delicti.  The Defendant's inadmissible statement establish some independent evidence (Drugs and weapons). Then the state based the criminal agency of the offense solely on the Extra-judicial statement.
>
>**Ground Two:**  The right to have effective assistance of counsel at trial. Trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution and Defendant's right to due process under the Fourteenth Amendment to the Unites [sic] States Constitution when trial court was ineffective for not objecting to the insufficient evidence that the prosecutor used to establish the Corpus Delicti to admit the Extra-judicial statement.
>
>**Supporting Facts:**  The petitioner, Michael A. Lee, appeared in trial court for the start of jury trail [sic] and bench trail [sic] on January 7, 2013. First the counsel's performance was deficient by not objecting to the violation of the Corpus Delicti by letting the prosecutor admit the Defendant's Extra-judicial statement before establishing the Corpus Delicti. The trial counsel's performance was deficient by not objecting to the fact prosecutor establish the criminal agency of the act of possession solely on the Defendant's Extra-judicial statement. After the prosecutor violated the Corpus delicti twice the state then introduced the other evidence that was insufficient that was suppose [sic] to show that the Defendant had dominion and control over the premises where contraband was found.

(Petition, Doc. No. 2, PageID 34-37.)

**Procedural History**

Lee was indicted in Montgomery County Common Pleas Case No. 12-CR-994 for possession of one hundred grams of cocaine and fifty to 250 grams of heroin with four counts of having weapons under disability.  A jury convicted him on the drug charges and the trial judge separately convicted him on the weapons charges and imposed concurrent sentences aggregating

eleven years imprisonment.

Although he was appointed counsel for direct appeal, he requested leave to proceed *pro se* and filed two assignments of error which parallel the grounds for relief he raises here: violation of the corpus delicti rule and ineffective assistance of trial counsel for failure to object on that basis. *State v. Lee*, 2014-Ohio-627, ¶ 2, 2014 Ohio App. LEXIS 627 (2nd Dist. Feb. 21, 2014).[1] The Second District affirmed the conviction. *Id.* The Supreme Court of Ohio declined jurisdiction over a further appeal. *State v. Lee,* 139 Ohio St. 3d 1486 (2014). Lee then filed this timely habeas corpus petition.[2]

# Analysis

**Ground One: The Corpus Delicti Rule**

In his First Ground for Relief, Lee complains that the prosecutor violated the corpus delicti rule at trial. Judge Froelich, writing for the Second District Court of Appeals in this case, stated the corpus delicti rule as follows:

> [*P3] The corpus delicti of an offense consists of the act and the criminal agency of the act. *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), overruled on other grounds, 438 U.S. 911, 98 S. Ct. 3147, 57 L. Ed. 2d 1155 (1978). Before a confession to a crime may be admitted at trial, the State must introduce evidence independent of the confession to establish the corpus delicti. *See State v. Maranda*, 94 Ohio St. 364, 114 N.E. 1038 (1916),

---

[1] References hereinafter to *State v. Lee* are to this decision.
[2] The Ohio Supreme Court declined jurisdiction July 23, 2014. The federal one-year statute of limitations began to run ninety days later when Lee's time to petition the U.S. Supreme Court for a writ of certiorari expired.

3

> paragraphs one and two of the syllabus; *State v. Van Hook*, 39 Ohio St.3d 256, 261, 530 N.E.2d 883 (1988). The corpus delicti rule is designed to protect "persons who confess to crimes that they not only did not commit themselves, but which were never committed by anyone." *State v. Nobles*, 106 Ohio App.3d 246, 261, 665 N.E.2d 1137 (2d Dist.1995). Accordingly, "this rule does not require evidence, other than the confession, showing that the accused committed the crime but, rather, requires some evidence that a crime was, in fact, committed." *State v. Hopfer*, 112 Ohio App.3d 521, 561, 679 N.E.2d 321 (2d Dist.1996).
>
> **[*P4]** The evidence necessary to satisfy the corpus delicti rule is not the same as is required to defeat a Crim.R. 29 motion. "The evidence presented need not be so strong that it is capable of persuading a factfinder on some element of the crime beyond a reasonable doubt." *Nobles* at 262. Nor must the evidence be "even enough to make it a prima facie case." *Maranda* at paragraph two of the syllabus. Rather, the evidence is sufficient to satisfy the corpus delicti rule "if there is some evidence outside of the confession that tends to prove some material element of the crime charged." *Id*. The evidence need not relate to all elements of the crime, *Van Hook* at 262, and the State may rely on circumstantial, rather than direct, evidence, *State v. Nicely*, 39 Ohio St.3d 147, 152, 529 N.E.2d 1236 (1988). In short, the corpus delicti rule is satisfied by "a rather low" evidentiary standard, *State v. Barker*, 2d Dist. Montgomery No. 23691, 191 Ohio App. 3d 293, 2010-Ohio-5744, ¶ 10, 945 N.E.2d 1107, and the Supreme Court of Ohio has indicated that rule need not be applied "with a dogmatic vengeance." *Edwards* at 36.

*State v. Lee, supra.* Because trial counsel did not raise a corpus delicti objection, the Second District reviewed Lee's claim only for plain error. *Id.* at ¶ 20. It concluded that:

> Although perhaps presented in an improper order at trial, the State presented evidence that established the corpus delicti of Lee's offenses. Considering that the corpus delicti rule is not to be applied "with a dogmatic vengeance," we conclude any error in the State's presentation of its evidence was harmless and did not constitute plain error.

*Id.* at ¶ 22.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780

4

(1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Lee asserts that the trial court's allowance of this violation of the corpus delicti rule deprived him of due process and equal protection under the Fourteenth Amendment (Petition, Doc. No. 2, PageID 34).  However, the corpus delicti rule has never been imposed on the States as a requirement under the Fourteenth Amendment.  Rather, requiring proof of the corpus delicti is a common law rule, not a constitutional one, and it is usually satisfied if proof of the crime in addition to a confession is presented sometime during the trial, rather than necessarily before a defendant's extra-judicial statements are admitted.  LaFave, Israel, King, & Kerr, Criminal Procedure 3d §24.6(c).

Not every violation of a state procedural rule constitutes a violation of due process. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976).  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995). This Court recently rejected an argument that violation of the corpus delicti rule entitled a habeas petitioner to relief. *Williams v. Cook,*

5

2015 U.S. Dist. LEXIS 50265 (S.D. Ohio Apr. 16, 2015).  The Court adheres to that precedent.

Even if Ground One did state a constitutional claim, it would be procedurally defaulted because trial counsel failed to object and the Second District held this failure against Mr. Lee by conducting only plain error review.

Therefore the First Ground for Relief should be dismissed.

**Ground Two:  Ineffective Assistance of Counsel**

In his Second Ground for Relief, Lee asserts he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment when his trial attorney failed to raise a corpus delicti objections.  Lee presented this as his second assignment of error on direct appeal and the Second District decided it against him as follows:

> [*P23]  Next, Lee asserts that this trial counsel rendered ineffective assistance by not objecting to the introduction of his statements before the corpus delicti of his offenses was established.
>
> [*P24]  We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.*
>
> [*P25]  Even assuming that counsel should have objected to the introduction of Lee's statements before the corpus delicti of his offenses was established, the record does not support Lee's contention that he was prejudiced by his counsel's failure to object.

> The trial transcript reflects that the State had ample evidence to establish the corpus delicti of Lee's offenses and that it could have simply presented its evidence in a different order, had an objection been raised. We cannot conclude that the outcome of Lee's trial would have been different had counsel objected.

*State v. Lee, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Here the Second District applied the correct Supreme Court precedent – *Strickland v. Washington* – and its application is not objectively unreasonable. Therefore the Second Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Petitioner herein should be dismissed with prejudice on initial review. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 14, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).