# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. LEE,

        Petitioner,    :    Case No. 3:15-cv-244

- vs -                        District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
 Madison Correctional Institution,

                                        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations recommending dismissal on initial review (ECF No. 3). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 5).

Lee pleads two grounds for relief:

> **Ground One:** Petitioner was denied due process and equal protection of the law, when the trial court allowed Defendant's Extra-judicial statement to be allowed without the prosecutor establishing both prongs of the Corpus Delicti rule, in violation of the Fourteenth Amendment of the United States Constitution.
>
> **Supporting Facts:** The Petitioner, Michael A. Lee, appeared in the trial court for a jury trial and a bench trail [sic] on January 7, 2013. The State violated Mr. Lee's due process to the Corpus delicti by admitting the Defendant Extra-judicial statement before establishing the Corpus delicti. The Defendant's inadmissible statement establish some independent evidence (Drugs and weapons). Then the state based the criminal agency of the offense solely on the Extra-judicial statement.

1

> **Ground Two:** The right to have effective assistance of counsel at trial. Trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution and Defendant's right to due process under the Fourteenth Amendment to the Unites [sic] States Constitution when trial court was ineffective for not objecting to the insufficient evidence that the prosecutor used to establish the Corpus Delicti to admit the Extra-judicial statement.
>
> **Supporting Facts:** The petitioner, Michael A. Lee, appeared in trial court for the start of jury trail [sic] and bench trail [sic] on January 7, 2013. First the counsel's performance was deficient by not objecting to the violation of the Corpus Delicti by letting the prosecutor admit the Defendant's Extra-judicial statement before establishing the Corpus Delicti. The trial counsel's performance was deficient by not objecting to the fact prosecutor establish the criminal agency of the act of possession solely on the Defendant's Extra-judicial statement. After the prosecutor violated the Corpus delicti twice the state then introduced the other evidence that was insufficient that was suppose [sic] to show that the Defendant had dominion and control over the premises where contraband was found.

(Petition, ECF No. 2, PageID 34-37.)

**Ground One: The Corpus Delicti Rule**

In his First Ground for Relief, Lee complains that the prosecutor violated the corpus delicti rule at trial. No objection was made on this basis at trial. Considering the question for plain error on direct appeal, the Second District Court of Appeals found none. *State v. Lee*, 2014-Ohio-627, ¶ 2, 2014 Ohio App. LEXIS 627 (2nd Dist. Feb. 21, 2014).

The Report recommended dismissing this claim because (1) the State is not required to comply with the corpus delicti rule as a matter of constitutional law and (2) Lee had procedurally

2

defaulted on his corpus delicti claim by not objecting at trial.

In his Objections, Lee argues first that it was unconstitutional for the Ohio Supreme Court to deny review of this claim (ECF No. 4, PageID 58).  Lee is correct that the Ohio Supreme Court did decline to review the decision of the Second District.  *State v. Lee*, 139 Ohio St. 3d 1486 (2014).  That refusal was not unconstitutional, however, because the United States Constitution does not require that the States provide any appeal at all, much less to the state supreme court.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005).  "Due process does not require a State to provide appellate process at all."  *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Regarding procedural default of this Ground for Relief, Lee asks whether this Court has jurisdiction "to conduct the *Maupin* test."  The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default.  *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

3

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Applying *Maupin*, the Court finds that Ohio does have a relevant rule, to wit, the contemporaneous objection rule, requiring that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).

As to the second prong of *Maupin*, the Second District enforced the lack of contemporaneous objection by reviewing only for plain error. *State v. Lee, supra*, ¶ 20. A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

As to the third prong, the Sixth Circuit has held the contemporaneous objection rule is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields*

4

*v. Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  See also *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Thus Lee satisfies the *Maupin* test and has not shown any excusing cause and prejudice.

Lee makes no objection to the Report's conclusion that the corpus delicti rule is not constitutionally mandated.

**Ground Two:  Ineffective Assistance of Counsel**

Lee claims he suffered ineffective assistance of trial counsel when his counsel did not object to admission of his extra-judicial statements before the corpus delicti was proved.  He raised this claim on direct appeal and the Second District reviewed it under the governing federal standard.  *State v. Lee, supra*, at ¶¶ 24-25, citing *Strickland v. Washington,* 466 U.S. 668 (1984). The court of appeals found, applying the second prong of the *Strickland* test, that there was no prejudice from the failure to object because "ample evidence to establish the corpus delicti of Lee's offenses" had been admitted.  *Id.*  Judge Froelich cited proof that was offered that Lee lived at 706 Steele on the day the seizures were made at that house.  *Id.*  at ¶ 22.  Three handguns were also found at that residence and a judgment entry from a prior conviction proved Lee was not permitted to possess weapons.  *Id.*  Lee showed an agent where 136.78 grams of heroin were located at another address. *Id.*

Lee argues in his Objections that all these things do not show criminal agency because they do not even prove constructive possession. But the State does not have to prove constructive possession to prove corpus delicti. No one may possess heroin or cocaine. Once it was shown that someone possessed those drugs, the corpus delicti was established. That is, the State had shown that a crime – possession of those drugs – was committed. Lee's confession then was sufficient for conviction.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 30, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

6

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).