IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. LEE,

    Petitioner,

v.

RHONDA RICHARDS, Warden,
Madison Correctional Institution,

    Respondent.

Case No. 3:15-cv-244

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (ECF #3) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (ECF #6); OVERRULING PETITIONER'S OBJECTIONS THERETO (ECF ##4,7); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #2) WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

On July 14, 2015, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, ECF #3, recommending that the Petition for Writ of Habeas Corpus, ECF #2, be dismissed with prejudice. After Petitioner filed timely Objections to the Report and Recommendations, ECF #4, the Court recommitted the matter to the Magistrate Judge, ECF #5. On July 30, 2015, Magistrate Judge Merz issued a Supplemental Report and Recommendations, ECF #6, again recommending that the Petition be dismissed with prejudice. Petitioner filed timely Objections to the Supplemental Report and Recommendations, ECF #7.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz, in his July 14, 2015, Report and Recommendations, ECF #3, and his July 30, 2015, Supplemental Report and Recommendations, ECF #6, as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filings in their entirety.

Petitioner's Objections, ECF ##4, 7 are OVERRULED. With respect to Ground One, regardless of whether Petitioner established cause and prejudice to cure the procedural default, and regardless of whether the State complied with the corpus delicti doctrine,[1] the fact is that a violation of this doctrine—a state procedural rule—does not constitute a violation of the Fourteenth Amendment, and is not cognizable in a claim for habeas relief. *Williams v. Cook*, No. 1:14-cv-235, 2015 U.S. Dist. LEXIS 50265, at *15-16 (S.D. Ohio Apr. 16, 2015).

With respect to Ground Two—alleging ineffective assistance of trial counsel in failing to object to introduction of his confession before the corpus delicti was established—Petitioner has failed to show that the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was contrary to or an objectively unreasonable application of clearly established federal law. The state court found

---

[1] The corpus delicti rule "dictates the order of proof in a case dependent on a defendant's confession." *Williams v. Cook*, No. 1:14-cv-235, 2015 U.S. Dist. LEXIS 50265, at *15-16 (S.D. Ohio Apr. 16, 2015). It requires that, before evidence of a confession is admitted at trial, the State must introduce evidence, independent of the confession, "that a crime was, in fact, committed." *State v. Hopfer*, 112 Ohio App.3d 521, 561, 679 N.E.2d 321 (2d Dist. 1996). The rule exists to protect "persons who confess to crimes that they not only did not commit themselves, but which were never committed by anyone." *State v. Nobles*, 106 Ohio App.3d 246, 261, 665 N.E.2d 1137 (2d Dist. 1995).

that Petitioner had failed to establish the requisite prejudice, given that "the State had ample evidence to establish the corpus delicti of Lee's offenses and that it could have simply presented its evidence in a different order, had an objection been raised." *State v. Lee*, No. 25632, 2014 WL 707687, at*5 (Ohio Ct. App. Feb. 21, 2014).

Petitioner disagrees, arguing that the State did not have sufficient evidence to prove that he had constructive possession of the drugs and weapons on the date in question. However, as the state court noted, "the corpus delicti rule is satisfied by 'a rather low' evidentiary standard." *Id.* at *1 (quoting *State v. Barker*, 2d Dist. No. 23691, 2010-Ohio-5744, ¶10). Here, the state court cited surveillance evidence tying Petitioner to the residence located at 706 Steele Avenue, where some of the drugs, money and guns were found, along with evidence of mail addressed to Petitioner at that location, supporting a finding that Petitioner lived there on the day of the seizure. Under these circumstances, the state court's finding that Petitioner failed to establish the requisite prejudice cannot be deemed an unreasonable application of *Strickland.*

For these reasons, the Petition for a Writ of Habeas Corpus, ECF #2, is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's

decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: August 26, 2015                                  _____
                                                       WALTER H. RICE
                                                       UNITED STATES DISTRICT JUDGE