IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL A. LEE,

    Petitioner,   :  Case No. 3:15-cv-244

 - vs -         District Judge Walter Herbert Rice
             Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
 Madison Correctional Institution,

             :
    Respondent.

## ORDER TO THE CLERK; REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Certificate of Appealability which the Clerk has docketed as a Notice of Appeal (ECF No. 11).

Per direction of the Clerk of the Sixth Circuit, the Motion is to be shown on this Court's docket as a Notice of Appeal with a "filed" date of September 23, 2016 (ECF No. 11-1, PageID 98).  The Clerk shall amend the docket accordingly.

The docket reflects that judgment was entered in this case on September 2, 2015 (ECF No. 9).  The docket further reflects that the Clerk sent a copy of the judgment to Petitioner by regular mail on the same day it was filed. *Id.*  Mr. Lee claims he never received the judgment until August 23, 2016, more than eleven months after the docket reflects that it was mailed to him.  The docket does not show that the mail was ever returned.  The docket also shows that the Decision and Entry adopting the Magistrate Judge's Report and Recommendations was filed

1

separate and apart from the judgment, mailed to Petitioner on August 27, 2015, and never returned undelivered by the Postal Service.

Mr. Lee avers that he has examined the mail room logs at Madison Correctional and they do not show any documents received from this Court from August 26, 2015, until August 23, 2016.  He asserts he never received this Court's decision and judgment until it was sent to him by Bryant L. Crutcher, a case manager for the Sixth Circuit Court of Appeals, in response to his Petition for Mandamus to compel this Court to reach a decision.  This Court's docket reflects notice from the Court of Appeals that Mr. Lee had filed  the mandamus petition on August 18, 2016 (ECF No. 10).  Whether the Court of Appeals will exercise jurisdiction under these circumstances is a question for that Court to decide.

On the question of whether or not Mr. Lee should be granted a certificate of appealability, the Magistrate Judge already recommended that a certificate be denied and Judge Rice adopted that recommendation.  Nothing in Lee's new Motion for Certificate of Appealability shows that any reasonable jurist would disagree with this Court's conclusions on the *corpus delicti* rule.

It is therefore respectfully recommended that Mr. Lee's renewed motion for certificate of appealability be DENIED.  Of course, Mr. Lee can raise this question anew with the Sixth Circuit.

October 18, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).